S. M. Ross, Mayor, Etc., *v.* R. E. Wimberly.

1. Municipal Corporation. *Debts. Reincorporation.*
   If a town is reincorporated with the same name and substantially the same powers as before, but with some excision of population and territory, the effect is not to extinguish the debts of the original corporation, but to leave them subsisting as valid obligations against the new one. *Port Gibson* v. *Moore,* 13 Smed. & M. 157, overruled.

2. Same. *Ministerial officer. Salary. Misnomer.*
   Although under the old charter there was no such officer as marshal, a constable who performed the duties of this officer as subsequently defined in the new charter, is entitled to allowances made him by the town authorities for his services, and does not lose his rights by the misnomer of calling him marshal

3. Same. *Allowance. Lost records. Mandamus.*
   It being shown that the records of the Board of Mayor and Aldermen were lost or destroyed, it will be presumed that their order allowing the salary was in pursuance of a previous ordinance authorizing this course, and *mandamus* will compel the issuance of warrants on the town treasury in the constable's favor.

Appeal from the Circuit Court of Yalobusha county.
Hon. J. W. C. Watson, Judge.

The appellee petitioned for *mandamus* to compel the appellant, mayor of Coffeeville to issue warrants on the town treasury to pay allowances for the petitioner's salary, exhibiting

orders of the Board of Mayor and Alderman allowing him $75, January 7, 1878, and $170, January 6, 1880. The mayor answered that he had no power to issue the warrants. It was agreed that the records of the board were kept prior to August 25, 1877, and that these records are lost or destroyed; that under date July 30, 1879, is an entry on the minutes of said board that the marshal be allowed same pay as heretofore; that Coffeeville under the charter of February 25, 1880, contains about half the territory and three-fourths of the population embraced under the charter of 1860; that the petitioner was constable of the town at the time of the allowances, and that when the charter was repealed the town owned no property and had no money.

The town officer appeals from the judgment awarding the the *mandamus*.

*Golladay & Lester*, for the appellant.

1. No such officer as marshal existed under the old charter, and the board could not create one. It cannot be said that they meant constable in the order of allowance, for this would contradict the record.

2. An ordinance was a prerequisite to the order of allowance. *Lake* v. *Aberdeen*, 57 Miss. 260; *Talmadge* v. *North American Coal Co.*, 3 Head, 337; *Matthews* v. *Skinner*, 62 Mo. 329; *The People* v. *Bratty*, 93 Ill. 180. No ordinance is shown. It is useless to talk of loss, the ordinances were required by the charter to be published, and one which ever existed could therefore be proved.

3. The death of the corporation extinguished the debts. This is the declared doctrine in our State. *Port Gibson* v. *Moore*, 13 Smed. & M. 157. In other cases the principle is applied. ―――― v. ―――― 8 Smed. M. 9; *Coulter* v. *Roberts*, 24 Miss. 278; *Bank of Mississippi* v. *Duncan*, 56 Miss. 173.

4. The new charter does not revive the old town, which had ceased to exist by repeal of its charter, but it creates a new town territorially and as to population. In this particular the

case differs from *Port Gibson* v. *Moore,* cited above, and is much stronger than that case.

*W. P. & J. B. Harris,* for the appellee.

1. Repeal of the charter of 1860 did not extinguish debts created thereunder. Such was not the Legislative intent. The purpose of the new charter was merely to diminish the territory of the town. The corporation remains as before. The doctrine of *Port Gibson* v. *Thomas,* 13 Smed. & M. 57, is no longer authority. Debts of a municipality are not extinguished by repealing the charter. Dill. on Mun. Corp., sects. 113, 114; *Pensacola* v. *Broughton,* 93 U. S. 266; *O'Connor* v. *City of Memphis,* 13 Cent. L. J. 150.

2. Duties for which the pay was allowed are the important matter. The officer's name is immaterial.

3. It must be presumed, as the records are lost, that the allowance was in pursuance of an ordinance.

*R. J. Guthrie* and *R. R. Buntin,* on the same side.

1. The services were performed. The word marshal is a synonym of constable. This objection is too technical.

2. It appears from the old charter that an officer of this kind existed. Destruction of the town records prevents the production of the ordinance, but other allowances show the rate of compensation. It must be presumed that the allowances were legal.

3. The corporation under the new charter is liable for debts contracted under the old charter. Altering the limits or changing the officer's powers does not extinguish corporate debts. *Milner* v. *Pensacola,* 2 Wood, 638; *Girard* v. *Philadelphia,* 7 Wall. 1; *Luerhman* v. *Taxing District,* 2 Lea (Tenn.), 425. Legislation which relieves a town of its debts contravenes the constitutional prohibition against impairing the obligation of contracts. Cooley's Const. Lim. 285, 290. In this state is a case opposed to all authorities. The doctrine of *Port Gibson* v. *Thomas,* 13 Smed. & M. 157, was ill considered. The decision is erroneous, and should not be fol-

lowed. It is contrary to all the modern cases and should be overruled. The true principle is stated by Dillon in 1 Dill. on Mun. Corp., sect. 170.

CHALMERS, J., delivered the opinion of the court.

On the 20th of January, 1880, the charter of the town of Coffeeville was repealed by the Legislature. One month thereafter the town was reincorporated by the same name, with substantially the same powers, but with some excision of territory and population. The legal effect of this was, not to extinguish the debts of the original corporation, but to leave them subsisting as valid obligations against the new one. 1 Dill. on Mun. Corp., sect. 170; *Broughton* v. *Pensacola,* 93 U. S. 266; *Girard* v. *Philadelphia,* 7 Wall. 1.

The case of *Port Gibson* v. *Moore,* 13 Smed. & M. 157, announcing a different view is contrary to the whole current of modern authority and is overruled.

It is immaterial that under the old charter there was no such officer as marshal *eo nomine.* There was a constable, whose duties were identical with those performed by the marshal under the new charter. It is admitted that the relator was that constable, and that the allowances were in fact made to him. He does not lose his rights by the misnomer of calling him marshal.

That no precedent ordinance fixing the salary of the relator was shown is sufficiently accounted for by the agreement that the records of the corporation had been lost or destroyed. We must presume in this state of facts that the Board of Mayor and Alderman made the allowances in accordance with an ordinance previously adopted.

Affirmed.