J. F. KELLY, TREAS., *v.* R. E. WIMBERLY.

1. MANDAMUS. *Allowance of claim by town council.*
   A claim being for a certain and ascertained amount, its allowance and audition by the town council is equivalent to a judgment at law, and mandamus will lie to enforce its payment.

2. DE FACTO OFFICER. *Estoppel.*
   A *de facto* officer cannot remain undisturbed in office and claim that he is not a *de jure* officer. While in office he can be compelled to perform every official act in behalf of another which the duties of such office dictate.

APPEAL from the Circuit Court of Yalabusha County.

HON. W. S. FEATHERSTON, Judge.

R. E. Wimberly, the appellee, proceeded by mandamus in the circuit court against the appellant, treasurer of the town of Coffeeville, to compel him to pay two warrants, drawn by the mayor of the town on the treasurer, on the 26th day of February, 1883, the warrants representing an indebtedness contracted by the old

corporation of Coffeeville before the repeal of its charter in 1880, and adjudged to be a charge against the new town or corporation in the case of *Ross* v. *Wimberly*, 60 Miss. 345. The appellant pleaded (1) that Wimberly had a plain, adequate remedy by suit against the corporation; (2) that appellant was not the treasurer of the town, having been elected to that office by the board of mayor and aldermen, but had not given bond, but that he held about one hundred dollars of the public funds of the town. These pleas were demurred to, the demurrer sustained, and this appeal taken.

*Golladay & Lester*, for the appellant.

1. Mandamus cannot be resorted to when there is a plain, adequate, and speedy remedy in the ordinary course of law. Code of 1880, § 2542. When the statute refers to a "plain, adequate, and speedy remedy" it is very certain that the remedies provided by law by suit are, theoretically, at least, plain, adequate, and speedy. Mr. High, in his work on Extraordinary Remedies, § 341, says: "Mandamus is not designed as a remedy for the collection of debts." It is believed to be *indisputably established* in *this State* by the case of *Board of Education* v. *West Point*, 50 Miss. 638, that the petition in this case cannot be maintained. That case is cited by the codifier to the § 2542 of the Code of 1880, which specifies the cases in which mandamus will be granted, and is cited again as authority in 51 Miss. 672.

2. The mere performance of official acts does not make an officer *de facto*, but there must be color of right as well. *Kimball* v. *Alcorn*, 45 Miss. 151.

3. As this is a proceeding to enforce against its successor payment of a debt due from a defunct corporation, is not the chancery court the proper forum in which to proceed? 93 U. S. 266; 100 U. S. 514.

*A. H. Whitfield*, for the appellee.

1. The very case cited by counsel with so much confidence is conclusive against him—*Board of Education* v. *West Point*, 50 Miss. 638—for it expressly declares that *if* the remedy at law is not "specific," plain, adequate, and speedy, mandamus will lie. But for another reason this is an unfortunate citation for counsel; in that

case the amount was *uncertain,* unliquidated, unascertained; it was resisted also; here the amount is settled by decision of this court in 60 Miss., and not contested now, and warrants for the specific amounts issue. This assimilates this case to the many cases in our books when claims allowed by boards of supervisors have been enforced by mandamus, the force of which counsel feels and vainly tries to parry. *Carroll* v. *Board of Supervisors,* 28 Miss. 38; *Johnson* v. *Hendricks,* 45 Miss. 647; *Klein* v. *Supervisors,* 54 Miss. 254; *Supervisors* v. *Arrghi,* 51 Miss. 667; *Board of Police* v. *Grant,* 9 S. & M. 77; *Swan* v. *Bush,* 40 Miss. 268.

2. As to the point urged by counsel, that Kelly cannot be compelled to pay the warrants because he is only a *de facto* officer, it is manifest he cannot be heard to make any such objections, nor the corporation, "the real defendants," for him. He was elected; he has acted for months; is acting now; they have recognized him all this time and recognize him now. Neither he nor the corporation will be allowed to profit by their own wrong. See *State* v. *McIntyre,* 3 Iredell (N. C.) 171.

CHALMERS, J., delivered the opinion of the court.

Plaintiff below had his account against the town audited and allowed by the town council. By his former case— *Wimberly* v. *Ross,* 60 Miss. 345—he obtained a warrant on the town treasurer from the mayor. The treasurer declines to pay the warrant solely on two grounds—first, that there has been no precedent judgment at law on the claim; second, that he, himself, though he is in office unmolested, has never given any bond and is therefore only an officer *de facto.* As to the first point, we hold that the claim being for a certain and ascertained amount, the audition and allowance by the town council is equivalent to a judgment at law, no real objection to that account being now made. In the case of *State Board of Education* v. *West Point,* 50 Miss. 638, the amount of the claim was unknown, and therefore a precedent judgment at law was required. It is too clear for argument that appellant cannot remain undisturbed in office and claim that he is not a *de jure* officer. While in office he can be compelled to perform every

official act in behalf of another which the duties of such an office dictate. *State* v. *Fortenberry*, 56 Miss. 285; *State* v. *McIntyre*, 3 Iredell (N. C.) 171.

*Affirmed.*