EDWIN R. MOCKETT V. STATE OF NEBRASKA, EX REL. GEORGE
J. WOODS ET AL.

FILED DECEMBER 2, 1903. No. 13,158.

1. **Mandamus: OFFICER: ESTOPPEL.** Where one assumes to fill a public office, although without being regularly appointed thereto, by his conduct inducing others to believe that he is the officer, he is amenable to process commanding him to perform any act which the duties of his office dictate, and is estopped to plead a private contract inconsistent with his duty to all.

2. ——: **BOARD OF EQUALIZATION: REPORTER.** M. was employed by one of the parties to a proceeding had before the city council of the city of Lincoln sitting as a board of equalization, to appear at such hearing and take down the evidence in shorthand. The clerk of the board, who claimed the right to employ a reporter, and others interested, relying on the presence of. M., who was a competent reporter, made no further arrangements for a record of the proceedings, regarding him as the official reporter, to whom stipulations between the parties were dictated, and exhibits in the case delivered, and by whom all the evidence was taken down. *Held,* That mandamus would lie to compel M. to deliver a transcript of the evidence to the complainant in the proceeding, notwithstanding a secret agreement by the terms of which he was to deliver a transcript to only one of the parties.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Paul Clark* and *Charles S. Allen,* for plaintiff in error.

*Allen W. Field, Addison S. Tibbets* and *Walter L. Anderson, contra.*

KIRKPATRICK, C. ·

This proceeding is prosecuted from a judgment of the district court for Lancaster county, awarding to relators' a writ of mandamus commanding the respondent, Edwin R. Mockett, to transcribe and deliver to relators a transcript of the testimony introduced at a hearing had before the city council of the city of Lincoln, sitting as a board of equalization, which testimony was taken down by Mockett in shorthand. The issues as joined in the lower court, as well as the contentions now made, will appear from a

brief statement of the facts giving rise to the controversy. From the record it is made to appear that in June, 1902, the relators filed with the city council of Lincoln, sitting as a board of equalization, a complaint relative to the assessment of taxes for municipal purposes against the Lincoln Traction Company. Thereafter, a hearing was had before the board, consuming several days, at which much oral and documentary evidence was introduced, objections made to the introduction of testimony, rulings thereon and exceptions taken; both the Lincoln Traction Company and relators being represented by counsel. All the testimony so taken was reduced to shorthand notes by Edwin R. Mockett, who is by the record shown to be one of the official reporters of the district court for Lancaster county. At the conclusion of the hearing, and after entry of the findings and judgment of the board, the parties were given sixty days within which to prepare a bill of exceptions. In due time, the relators commenced preparations to prosecute an appeal from the decision of the board, and Addison S. Tibbets, one of the relators, made a demand upon Mockett for a transcript of the evidence, tendering the usual fees therefor, and was told by Mockett that he had been employed by counsel for the Lincoln Traction Company to take the testimony on its behalf, and that he could not furnish relators with a transcript, as to do so would be inconsistent with his obligations to his employer. An application was thereupon made to the district court for Lancaster county for a writ of mandamus commanding respondent to furnish a transcript of the evidence to relators, resulting in the issuance of the writ.

On behalf of respondent it is claimed that this judgment is erroneous, because it appears that Mockett was employed solely by counsel for the traction company to take down the testimony; that in doing so he acted only on their behalf; that as a result of this arrangement he owed no duty to relators to furnish a transcript; and that therefore mandamus will not lie.

It appears from the record that at about the time of the

. filing of the complaint mentioned there was also a similar proceeding pending, in which relators were complainants, affecting the assessment of the Lincoln Gas Company. Before the hearing of either of these cases, the matter of making a record of the proceedings and taking down the testimony was talked over by the relators and the city clerk, who was ex-officio clerk of the board, and it was understood by all parties to the proceedings that the clerk claimed the right to make the record, and to select a stenographer to take down the testimony. There was mention made in a conversation between the clerk and one of the relators, Mr. Tibbets, as to who the stenographer should be, and the clerk stated that he had been informed by Mr. Rose, an attorney for the gas company, that respondent had been selected to take the testimony, and would appear at the hearing for that purpose. With his selection both relator and the clerk signified their satisfaction. The evidence shows that counsel for the traction company and the gas company had conferred with reference to the employment of a stenographer on their own account, agreeing upon respondent, and upon the equal payment by them of his fee. It is without doubt true that respondent appeared in response to this latter arrangement, and that his stipulated pay or wage per diem was paid to him by the companies. It is further clearly shown that, during the hearing before the board, the respondent was present and took all of the testimony in shorthand. During the progress of the hearing in the gas company's case, much documentary and oral evidence was introduced, and a stipulation entered into by the attorneys for the companies and the relators, that certain testimony taken in the gas company case should be used in the traction company's case to save duplication. This stipulation was dictated to respondent as reporter. In the course of the hearing of the traction company case exhibits were introduced, and, in the presence of respondent, the clerk of the board asked one of the attorneys for relators whether he should take charge of the exhibits and place his filing mark on them, and was told that it would

be sufficient to give them to the reporter, respondent, who thereupon took them, as he did all other exhibits, placing his filing marks on them, retaining their possession.  At the hearing members of the council asked questions of the witnesses, and these questions were taken down, with the answers thereto, by respondent.  It appears from the record that some time during the course of the hearing, the question occurred to counsel for the traction company and respondent whether relators would rely upon respondent for a transcript of the testimony should they desire one, and counsel for the company thereupon told respondent that if he was asked for a transcript by relators his duty would be to refuse, as he was employed solely by the companies.  There was no other reporter present at the hearing, and the only record made of the proceedings and the evidence is that now in possession of respondent.  There is nothing to show that at any time until demand was made upon respondent for a transcript, relators were aware that respondent considered himself the employee of the companies involved in the proceedings, rather than the official of all parties—the board, relators and the companies—concerned in the hearing.

The question we are called upon to determine is whether the writ should issue under the facts stated.  The trial court found that the respondent, in assuming the duties as stenographer in taking the testimony before the board, acted in an official capacity, even though privately employed by the companies, and would therefore be bound to furnish a transcript of the proceedings upon application of any party interested therein upon the payment of the usual fee therefor; and that, having entered upon the duties as stenographer, he would be estopped to plead a private employment attended with duties to one of the parties inconsistent with his duty to all.  We are very clearly of the opinion that the judgment of the trial court is correct.  The proceeding was one held before, a public tribunal, the public at large being interested therein.  In the very nature of the proceeding, it would seem to be

obvious that a record would and should be made of the hearing, a record available to all whose rights were involved. It is clear that the presence of respondent, without reference to the arrangment privately made by which he was induced to come, induced relators, as well as the clerk, to omit to employ a reporter to make a record available to-all the parties. Respondent is an official court reporter, and must have known that the evidence being introduced, relating to matters of such considerable importance, when reduced to written form, could not well be permitted to become the exclusive property of only one of the parties to the proceeding. In our opinion, therefore, it becomes immaterial what was the private agreement he had with the companies. This agreement was unknown to all except respondent and his employers. His conduct was well calculated to mislead the board, its clerk, and relators, all of whom manifestly regarded respondent as the reporter for all. In the absence of his private agreement with the traction company, and if he had appeared at the hearing in response to an arrangement with the clerk, there can be no question that this writ would issue. He would under such circumstances have been the *de jure* officer of the board, whose duty would be to furnish the transcript. He was, under the facts stated, none the less a *de facto* officer, assuming all the duties that would have devolved upon an officer regularly appointed and qualified, and as such is amenable to the process of the court commanding him to perform the duties of that office. He is, therefore, clearly estopped to plead his private employment. In *Kelly v. Wimberly*, 61 Miss. 548, it is said:

"A *de facto* officer can not remain undisturbed in office and claim that he is not a *de jure* officer. While in office he can be compelled to perform every official act in behalf of another which the duties of such office dictate. *Mead v. Treasurer of Ingham County*, 36 Mich. 416."

It is recommended that the judgment of the district court be affirmed.

DUFFIE, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.