FOLSOM et al. v. GREENWOOD COUNTY.

(Circuit Court of Appeals, Fourth Circuit. May 9, 1905.)

No. 578.

**1. RAILROADS—AID BONDS—TOWNSHIPS—COLLECTION—REMEDIES.**

Where a statute incorporated a township to enable its people to issue railroad aid bonds, and provided that the county auditor and treasurer should assess and collect taxes, the levy of which was provided for in the act that authorized the issuance of the bonds, to pay the same, the state had no power to deprive the bondholders of the remedy so provided, unless equally efficacious remedies were substituted therefor.

**2. SAME—COUNTIES—CHANGE OF BOUNDARIES—EFFECT.**

Where a statute incorporated a township, authorized it to issue railroad aid bonds, and declared that the county auditor and treasurer should levy and collect taxes for the payment thereof, on the change of the boundaries of such county, so as to place the township within the boundaries of another county, the duty of levying and collecting taxes for the payment of such bonds devolved on the officers of the latter.

In Error to the Circuit Court of the United States for the District of South Carolina.

For opinion below, see 130 Fed. 730.

H. J. Haynsworth and R. E. L. Montcastle, for plaintiffs in error. F. B. Grier, for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

PRITCHARD, Circuit Judge. This is a writ of error from the Circuit Court of the District of South Carolina, wherein the demurrer of the defendant in error to the complaint of the plaintiffs in error was sustained.

This action was brought to enforce the collection of certain bonds and coupons which were issued by Ninety-Six township, in the state of South Carolina, in the year 1886. At the time the bonds and coupons were issued Ninety-Six township was a body corporate and politic and one of the townships of Abbeville county. In the year 1897 Greenwood county, defendant in error, was formed from territory theretofore belonging to the counties of Abbeville and Edgefield. At that time the territory comprising Ninety-Six township was transferred to Greenwood county, and was at the commencement of this action a territorial division of that county. On the 3d of February, 1903, the Constitution of the state of South Carolina was amended so as to provide that the corporate existence of Ninety-Six township should be abolished and the corporate agents and officers thereof be removed. Plaintiffs in error bring this suit for the purpose of obtaining a nominal judgment against Greenwood county, to be discharged by a levy of taxes against the property of the people of Ninety-Six township for the purpose of satisfying such amounts as may be ascertained to be due on the coupons and bonds upon which this action is based.

Every question relating to the validity of the bonds for which suit

137 F.—29

is brought in this instance has been settled in favor of the bondholders in the Circuit Court and affirmed by the Supreme Court of the United States. Folsom v. Ninety-Six Township, 159 U. S. 611, 16 Sup. Ct. 174, 40 L. Ed. 278. Therefore we are only called upon to decide whether there is a legal remedy for the enforcement of the rights of the plaintiffs in error.

The act which authorized the issuance of the bonds in question, among other things, provided that the territory embracing Ninety-Six township should be incorporated for the purpose of enabling the people of that territory to enter into a contract with the railroad company for the benefit of which the bonds were to be issued. It also provided that the county commissioners of Abbeville county should issue the bonds for and on behalf of the people residing in Ninety-Six township. It was further provided that the county auditor and treasurer respectively should assess and collect the taxes, the levy of which was provided in the act that authorized the issuance of the bonds.

The several provisions of this act are in the nature of a remedy afforded to the bondholders to enable them to contract with the people of the territory embraced in Ninety-Six township and to provide the means by which the people of that territory should issue and deliver the bonds in the event it should be decided by popular vote to subscribe the amounts for the construction of the railroad which had been submitted to them for their consideration. The provisions which constituted the county commissioners of such county the corporate agents of the township of Ninety-Six were not only intended to afford the bondholders the means by which the bonds should be issued and delivered, but they were necessarily intended to afford a remedy or a means by and through which the bondholders, in the event of default of payment, could proceed against the people of that territory for the enforcement of the obligations which they assumed at the time the bonds were issued and delivered. These provisions became a part of the contract between the township of Ninety-Six and the bondholders, and any legislative or constitutional enactment which undertakes to deprive the bondholders of the remedies which were thus afforded them without providing other remedies equally as efficacious is an impairment of the obligations of a contract, and therefore unconstitutional.

In the case of Hicks v. Cleveland, 106 Fed. 459, 45 C. C. A. 429, Judge Simonton, in discussing this phase of the question, said:

"The Supreme Court of the United States deals with provisions of statutes like this as creating a trust which the state, the donor, cannot annul, and which the officers to whom the power is given are bound to execute. So neither the state nor the corporation can any more impair the obligation of the contract by repeal of the act than they can in any other way."

Broughton v. Pensacola, 93 U. S. 266, 23 L. Ed. 896; Von Hoffman v. Quincy, 4 Wall. 553, 18 L. Ed. 403; Mount Pleasant v. Beckwith, 100 U. S. 514, 25 L. Ed. 699.

In the case of Von Hoffman v. City of Quincy, 4 Wall. 535, 553, 18 L. Ed. 403, among other things Mr. Justice Swayne, who delivered the opinion of the court, said:

"It is competent for the states to change the form of the remedy, or to modify it otherwise, as they may see fit, provided no substantial right secured by the contract is thereby impaired. No attempt has been made to fix definitely the line between alterations of the remedy, which are to be deemed legitimate, and those which, under the form of modifying the remedy, impair substantial rights. Every case must be determined upon its own circumstances. Whenever the result last mentioned is produced, the act is within the prohibition, and to that extent void."

When the territorial division of Ninety-Six township was transferred from the county of Abbeville to that of Greenwood, the status of the people of that territory was not changed in so far as their relation to the bondholders was concerned; and, when such territory became a part of Greenwood county, that county eo instante assumed the same relation to the people of the newly acquired territory as the county from whence they came had sustained by virtue of the statute which authorized the issuance of the obligations upon which this suit is brought.

The authority by which Greenwood county was created and by which it acquired the territory of Ninety-Six township, was derived from the same source which authorized such township to issue the bonds in controversy. Counties are territorial divisions of the state, organized for the convenience of the people, and as such are treated as governmental agencies of the state for the purpose of local government.

In the case of Wood v. Oxford, 97 N. C. 230, 2 S. E. 655, Justice Merrimon, in discussing this subject, said:

"Municipal corporations, such as counties and incorporated cities and towns, are instrumentalities of the state government. They serve its political and civil purposes more or less generous in their nature and extent, and more particularly where they are located. They are public in their nature, and the Legislature has control over them. It may determine and establish their powers, and enlarge or modify their powers and authority, from time to time; it may create new ones, prescribing their powers and authority, as public necessity and convenience require."

In this instance the Legislature had the power to transfer the territory of Ninety-Six township from the county of Abbeville to that of Greenwood, provided that in doing so it did not place them in a position where they were unable to discharge the obligations which they assumed at the time the bonds were issued. The same people, the same territory, and the same property are still in existence, and the only difference between their status now and when a territorial division of Abbeville county is that instead of being a territorial division of Abbeville county they are now a portion of the territory of Greenwood county, but occupying identically the same relation to the county of Greenwood which they occupied as a part of the territory of the county of Abbeville. Such being the case, it necessarily follows that the county of Greenwood, as a corporate entity, is under the same obligation to act for and in behalf of the people of such territory, in so far as the provisions of the act which authorized the issuance of the bonds are concerned, as was the county of Abbeville before the enactment of the constitutional provision.

It is insisted by the defendant in error that the county of Greenwood cannot be sued for the purpose of obtaining a nominal judgment on an obligation which Ninety-Six township voluntarily assumed prior to the time that it became a part of the territory of that county; that inasmuch as the people of township Ninety-Six have by legislative and constitutional enactment been lifted bodily out of Abbeville county, and transferred to the county of Greenwood, the effect of such transfer was to afford the township of Ninety-Six immunity from the payment of honest obligations which were assumed by the people of such territory after the matter had been submitted to them and ratified by a majority of the voters thereof.

The act of the Legislature in the first instance, constituting the county commissioners of Abbeville county as the agents of Ninety-Six township for the purpose of signing and delivering the bonds authorized to be issued thereunder, and the acceptance and acquiescence on their part as the agents of the county by exercising the power conferred, was a contract with the bondholders that such county, through its duly constituted agents, would act as a trustee for such township for the purposes therein contemplated.

The fact that the system of county government in that state has been radically changed cannot relieve the people of Ninety-Six township from the payment of the obligation thus assumed, nor the county of Greenwood from the obligation which originally rested on the county of Abbeville, to wit, from acting as the trustee of the township against whom suit could be instituted for the purpose of obtaining a nominal judgment, to be ultimately discharged by the assessment and collection of a sufficient tax by the auditor and county treasurer on the property of the people of such territory for the payment of any judgment which might be thus obtained.

If the payment of obligations could be avoided by constitutional or legislative enactment, it would leave the holders of such securities without a remedy; the credit of public corporations, such as cities, counties, and towns, would be destroyed, and the people of such communities would be unable to secure funds with which to make the improvements necessary to keep abreast with the industrial development of the country.

The framers of the Constitution, with a prophetic vision, foresaw that occasions might arise wherein it would be sought to repudiate honest obligations, and, in order to meet such contingencies, among other things, provided that no state should pass any law impairing the obligation of contracts. Const. art. 1, § 10.

It is insisted by defendant in error that it will be a great hardship to require the people of Ninety-Six township to pay these bonds under the circumstances. While such is the case, at the same time these bonds are in the hands of innocent purchasers who were not parties to the original contract, and it would likewise be a hardship for them to lose the money which they invested after ascertaining the fact that the bonds had been issued in accordance with the requirements of the act of the Legislature which authorized the issuance of the same.

It was within the power of the Legislature to have provided that these bonds should not be issued until the road had been completed, but for some reason such safeguard was not provided, and as a result the taxpayers of that community are compelled to suffer. The Legislature having provided the means by which these bonds were to be issued, and the people having voted the authority to issue them, it is the duty of the courts, when called upon, to enforce their collection through the instrumentalities provided by the Legislature for that purpose.

For the reasons stated the judgment of the Circuit Court sustaining the demurrer to the complaint is reversed. The cause will be remanded to the Circuit Court, with instructions to proceed with the trial of the cause in accordance with the views herein expressed.

Reversed.