GEORGE D. BARNARD & COMPANY v. COUNTY OF POLK.[1]

June 15, 1906.

Nos. 14,654—(48).

**Liability for Debt of de facto County.**

Where the attempt to create a new county out of a portion of the territory of an existing county results in the organization of a de facto corporation, which is subsequently dissolved in proceedings brought for that purpose, the original county is not liable for debts contracted by the de facto corporation during its existence. The old county is not the successor

[1] Reported in 108 N. W. 294.

98 M.—19

of the de facto county, nor does it, by such dissolution, receive territory or property from the de facto corporation, which carries with it the obligation to pay the debts.

Appeal by plaintiff from an order of the district court for Polk county, Watts, J., sustaining a demurrer to the complaint. Affirmed.

*Eric O. Hagen, G. S. Ives, A. A. Miller,* and *A. R. Holston,* for appellant.

*James H. Maybury,* County Attorney, and *W. E. Rowe,* for respondent.

ELLIOTT, J.

This is an appeal from an order sustaining a demurrer to the complaint. The action was brought against the board of county commissioners of Polk county to recover the value of certain books, blanks, and office furniture sold by the plaintiff to the de facto county of Columbia, during the time between the dates of the governor's proclamation of the creation of the said Columbia county and its dissolution by the judgment of the court. The complaint alleges the facts relating to the organization of Columbia county, the sale and delivery of the goods, the allowance of the bills by the proper officers of Columbia county, the issue of warrants for their payment, the proceedings in the supreme court, the dissolution of the corporation, and the refusal of the officers of Polk county to pay the warrants. The record presents the single question whether Polk county is liable for the debts incurred by Columbia county while it existed as a de facto corporation. It was held in State v. District Court of Ramsey County, 90 Minn. 118, 95 N. W. 591, that, after the proclamation of the governor, the county of Columbia was a de facto organized county until its organization was declared illegal by this court in State v. Larson, 89 Minn. 123, 94 N. W. 226. It therefore had a legal right to incur the obligations which it is now sought to enforce against Polk county.

In view of the many unsuccessful attempts to organize new counties from portions of the territory of existing counties, it is somewhat remarkable that there are so few authorities upon the direct question involved.

Where an existing corporation is dissolved and its territory annexed to another corporation, the latter succeeds to the obligations as well as

to the property of the dissolved corporation. It takes the burdens with the benefits. The same result follows when a public corporation is dissolved and subsequently reincorporated, or a new corporation is created embracing substantially the same territory and inhabitants as the old. The effect of such a procedure is merely to give new form to the old corporation, and the new corporation is regarded as the successor of the old. The liability for the debts of the old corporation then rests upon the theory that the one corporation is the successor of the other, or upon the general principle that the corporation which receives the territory of the old and the benefits resulting therefrom, must also assume the debts. Broughton v. Pensacola, 93 U. S. 266, 23 L. Ed. 896; Mobile v. Watson, 116 U. S. 289, 6 Sup. Ct. 398, 29 L. Ed. 620; Mount Pleasant v. Beckwith, 100 U. S. 514, 25 L. Ed. 699; Riley v. Township, 54 Kan. 463, 38 Pac. 560; Ranken v. McCallum, 25 Tex. Civ. App. 82, 60 S. W. 975; Folsom v. Greenwood Co. (C. C.) 130 Fed. 730; Id., 137 Fed. 449, 69 C. C. A. 473; Ruohs v. Athens, 91 Tenn. 20, 18 S. W. 400, 30 Am. St. 858; Hill v. City of Kahoka (C. C.) 35 Fed. 32; Devereaux v. Brownsville (C. C.) 29 Fed. 742; Brewis v. City of Duluth (C. C.) 13 Fed. 334; O'Connor v. City, 6 Lea, 730; People v. Board, 94 N. Y. 263; Schriber v. Town, 66 Wis. 616, 629, 29 N. W. 547, 554; Ross v. Wimberly, 60 Miss. 345; Amy v. Selma, 77 Ala. 103; City v. Noel (Tex. Civ. App.) 43 S. W. 890; Broadfoot v. City, 124 N. C. 478, 32 S. E. 804, 70 Am. St. 610; Board v. Clarke, 12 Okl. 197, 70 Pac. 206; Shapleigh v. San Angelo, 167 U. S. 646, 17 Sup. Ct. 957, 42 L. Ed. 310.

The only case to which our attention has been called which supports the appellant's contention is Gilkey v. Town, 105 Wis. 41, 81 N. W. 120, 49 L. R. A. 483. It there appeared that the supervisors of the county detached portions of two different townships and from them formed the town of Waupee. While this town was in existence it incurred indebtedness. Thereafter it was dissolved in direct proceedings brought for the purpose. The original towns were held liable for the debts on the authority of Shapleigh v. San Angelo, supra, which was said to be directly in point. But the facts are wholly unlike. The city of San Angelo incurred debts for street improvements and issued bonds therefor, the proceeds of which were actually used for the improvement of the streets. The corporation was subsequently dissolved

because of irregularities in its organization. Thereafter substantially the same territory and people were reincorporated under the same name. The new corporation included substantially all the territory of the old and that which contained the streets which had been improved with the proceeds of the bonds. The new corporation was clearly the successor of the old. Gilkey v. Town must therefore rest upon its own reasoning.

The facts of this case do not bring it within the rule applied in the cases above cited. An attempt was made to organize Columbia county out of a portion of the territory of Polk county. It resulted in the creation of a de facto corporation which was subsequently dissolved in judicial proceedings. As far as Polk county was concerned conditions were then exactly as they were before the attempt to create a new county was made. It acquired no new territory by the dissolution of the illegally existing corporation; its old territory remained unaffected; its territory remained as it had been from the time when it was organized. It cannot be said to be in legal contemplation the successor of Columbia county. Columbia county had no successor, and the legislature has made no provision for the payment of its debts.

The order appealed from is affirmed.