BRADWISCH, et al, Appellants, v. HOWEY, et al, Respondents.

(186 N. W. 565.)

(File No. 4936.   Opinion filed January 30, 1922.   Rehearing denied
March 10, 1922.)

1.   School Districts—Consolidation of Independent District, Failure
to Submit Plat for State Superintendent's Approval, Effect Re
District Elections—Purpose of Plat.

   Where, prior to or in connection with proceedings to con-
solidate an independent school district, the County Superin-
tendent failed to cause a plat to be made and submit it to
Superintendent of Public Instruction, pursuant to Sec. 7570,
Code 1919, held, that the vote on consolidation, that for elec-
tion of officers thereafter, and that upon the later bond issue
were void; that compliance with the statutes is jurisdictional;
and, being a statutory proceeding, the statute must be strictly
construed and as strictly complied with.   So held, notwith-
standing an instrument was in evidence denominated a "plat"
to which was attached County Superintendent's affidavit thereto
as being "Exhibit A," the marks and characters thereon being
wholly unexplained and unintelligible, whereas the statute re-
quires that it show the matters specified therein, which means
that the plat itself is the only competent evidence of plan of
proposed consolidation.

2.   Same—State Superintendent's Approval of Proposed Consolida-
tion as Quasi Administrative Act, Requiring Legal Evidence.

   The act of passing by State Superintendent, on a proposed
consolidation of school districts through inspection of the statu-
tory plat of the proposed district, is an administrative act
quasi judicial in character; hence his determination must be
based on legal evidence.

        Gates, P. J., and Whiting, J., dissenting.

   Action by H. H. Bradwisch, Carl Miller and John Hohbach,
against Elva Howey, County Superintendent of Schools of Aurora
County, South Dakota, Plankinton Township School District of
Aurora County, South Dakota, John Muller and others, chairman
and members of the School Board of Plankinton Township School
District of Aurora County, Plankinton Consolidated Independent
School District Number Four of Aurora County, South Dakota,
J. A. Muller and others, president and members of the School
Board of said Plankinton Independent Consolidated School Dis-
trict Number Four, A. H. Dunn, treasurer thereof, Plankinton
Independent School District of Aurora County, L. J. Eggleston
and others, members of the Board of Education of said District,
and C. E. Goodlad, clerk, and A. H. Dunn, treasurer thereof, to

enjoin the operation of a consolidated school district. From an order refusing a temporary injunction, plaintiffs appeal. Reversed.

*Spangler & Wire,* for Appellants.

*R. C. Bakewell,* and *Donald Fellows,* for Respondents.

ANDERSON, J. This is an appeal from an order refusing a temporary injunction to restrain the operation of a consolidated school district. Proceedings were instituted to consolidate Plankinton independent school district, the boundaries of which coincided with the city of Plankinton, and Plankinton township school district, the boundaries of which coincided with Plankinton township.

The election was held November 22, 1920, and resulted in 292 votes for and 134 votes against consolidation. A further election of members of the board of education was held on December 20, 1920, and on March 22, 1921, a still further election was held upon the question of the issuance of bonds, which resulted favorably to their issue. All of these elections are claimed by appellants to be void.

Section 7570, R. C. 1919, among other provisions, contains the following:

"Before any steps are taken in organizing a consolidated school district, the superintendent of the county in which the major portion of the territory is situated, from which it is proposed to form such district, shall cause a plat to be made showing the size and boundaries of the new district, the location of the schoolhouses in the several districts; the location of transportation routes * * * and submit the same to the Superintendent of Public Instruction, who shall approve, modify or reject the plan so proposed, and certify his conclusions to the county superintendent of schools."

[1] From reading of the record it appears that none of the provisions of this section were complied with. To our mind it is obvious that compliance with the provisions of this section is jurisdictional. This is a statutory proceeding. As such, the statute must be strictly construed, and as strictly complied with. No plat, such as contemplated by this section was prepared by the county superintendent or filed with the Superintendent of Public Instruction. To be sure an instrument denominated a "plat" is shown

in appellants' brief. Attached to it is an affidavit by the county superintendent referring to the plat as "Exhibit 'A.'" Upon this plat appear certain marks and characters. These are not explained, and without explanation are wholly unintelligible. This statute requires that the plat show the matters specified before any steps are taken in organizing a consolidated school district. This means that the plat itself is the only competent evidence of the plan of the proposed consolidation.

[2] The passing, by the Superintendent of Public Instruction, on a proposed consolidation of school districts, is an administrative act, quasi judicial in its character. That being so, it follows that the State Superintendent's determination must be based upon legal evidence. This, under the undisputed facts, he did not do. There are many other contentions advanced by appellant; but we consider the foregoing controlling, and will therefore not discuss any of the other grounds urged.

The order appealed from is reversed.

GATES, P. J., and WHITING, J. (dissenting.) In our opinion the purpose of section 7570, Rev. Code 1919, is to afford information to the State Superintendent of Public Instruction sufficient to enable him to intelligently act upon the application. In this case the plat consisted of the congressional township known as Plankinton township, inside of the boundaries of which the limits of Plankinton City were shown by shaded lines, covering portions of three contiguous quarter sections of land. The size and boundaries of the new district, the location of the existing schoolhouses (except the schoolhouse in the city of Plankinton) and the location of transportation routes were all shown upon the plat. The only statutory requirement that was not complied with was the location of the existing schoolhouse in Plankinton City. The noting of that schoolhouse on the plat would not have added to the information necessary to qualify the State Superintendent to act. He knew from the petition that there was a schoolhouse in Plankinton City.

We are of the view that no justifiable reason is advanced in the majority opinion for reversing the order of the trial court.