BRADWISCH et al, Respondents, v. HOWEY, Superintendent of Schools, et al, Appellants.

(198 N. W. 820.)

(File No. 5294.  Opinion filed May 15, 1924.)

**Schools and School Districts—Laches—Estoppel—Plaintiffs Suing to Restrain Operation of Consolidated District Held Not Guilty of Laches.**

Plaintiffs who participated in election on question of consolidating school districts held not guilty of laches in suing to restrain operation of district six days after election for issuing bonds and in applying for temporary injunction about six months after reversal of order denying temporary injunction; removal of school buildings and school property during pendency of this and former action being at respondents' own risk.

Appeal from Circuit Court, Aurora County; Hon. Frank B. Smith, Judge.

Action by H. H. Bradwisch and others against Elva Howey, Superintendent of Schools, and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

*Donald Fellows* and *R. C. Bakewell,* both of Plankinton, for Appellants.

*T. J. Spangler,* of Mitchell, for Respondents.

Appellant cited: State v. City of Des·Moines, 96 Iowa 521, 65 N. W. 818; State v. City of Pierre, 15 S. D. 558, 90 N. W. 1047; State ex rel Douglas v. School District, 85 Minn. 230, 88 N. W. 751; Newlan v. Independent District of Montrose, 109 Iowa 169, 80 N. W. 316; Seward v. Rheiner, 2 Kan. App. 95, 43 Pac. 423; Wanderholt v. School Dist. (N. D.), 178 N. W. 432; Lerew v. Cresbard School District, 192 N. W. 747; State v. Consolidated School District of Mediapolis (Ia.), 186 N. W. 426.

Respondent cited: Eickelburg v. Soper, 1 S. D. 563; Decker v. Decker, 89 N. W. 795; Winegardnes v. Loan Co., 94 N. W. 1110; Natl. Aid Assn. v. Brachter, 91 N. W. 379; Hall v. Moore, 92 N. W. 294.

GATES, J. This case was before us upon a former appeal, 45 S. D. 110, 186 N. W. 565, wherein the opinion was rendered January 30, 1922, and remittitur sent to the trial court on March 13, 1922. The alleged consolidated district, held invalid in our former opinion, continued to function until September 14, 1922, when a temporary injunction was served. The case was tried upon its merits, and on November 21, 1922, findings of fact, conclusions of law, and judgment favorable to plaintiffs were entered. In addition to adjudging that the consolidated district never had a legal existence and enjoining its purported officers from continuing to act and from levying and collecting taxes, the judgment contained a mandatory injunction compelling the restoration of the status quo ante as far as possible. This included the return of three schoolhouses and school property taken from the rural district to the city of Plankinton. The defendants appeal.

The principal complaint of appellants is that the trial court should have adjudged the respondents guilty of laches, and therefore that they should not have been heard to question of validity of the consolidated organization. Some of the facts alleged to constitute laches are: That respondents continued to send their children to school after the consolidation; that respondents voted at the three elections hereinafter referred to; that the officers of the consolidated district proceeded to administer the affairs of such district; that such officers disposed of a portion of the property of the former rural district; that these respondents, appellants upon the former appeal, did not prosecute that appeal vig-

orously; and that these respondents did not promptly apply for a temporary injunction after the filing of the remittitur on the former appeal.

Appellants chiefly rely upon the leading case of State ex rel West v. City of Des Moines, 96 Iowa 521, 65 N. W. 818, 31 L. R. A. 186, 59 Am. St. Rep. 381. That was a case of annexation of territory. The city had functioned over the added territory for four years before action was brought. That court held that the annexation was invalid, but held that relator was estopped from questioning it.

We are also referred to our own decision in Lerew v. Cresbard Ind. Con. School Dist., 46 S. D. 331, 192 N. W. 747, wherein the objectors to the consolidation were held estopped by laches. There the consolidation election was held March 25, 1920, and a bond election was held June 21, 1920. The bonds had been issued and sold; a school site had been purchased; and a contract had been entered into for the construction of a schoolhouse before the benginning of the action.

Here we do not think we are confronted by facts that ought to constitute estoppel against respondents. The election on the question of consolidation was held on November 22, 1920. The election of officers was held on December 20, 1920. The election on the question of issuing bonds was held on March 22, 1921. This action was begun March 28, 1921, accompanied by a temporary restraining order. On April 2, 1921, the restraining order was vacated and a temporary injunction refused, and the present respondents appealed therefrom on May 27, 1921. That appeal was filed in this court June 9, 1921, and by stipulation of the parties the then appellants were given until August 25, 1921, to file their brief. They did file their brief August 2, 1921. The removal of the schoolhouses and school property from the rural district to the city of Plankinton occurred after the beginning of this action and after the pendency of the former appeal. In doing those things the present appellants acted at their own risk.

It is difficult to understand why laches should be imputed to the present respondents because the remittitur on the former appeal was filed in the trial court on March 13, 1922, and they did not apply for a temporary injunction until September. The then respondents knew when their petition for rehearing had been de-

nied and the remittitur had been filed that the consolidated organization was a nullity. There was nothing in that delay to cause the then respondents to believe that the then appellants had dismissed, or were intending to dismiss, this action.

We find all of appellants' points constituting estoppel to be without merit.

The judgment is affirmed.

Note.—Reported in 198 N. W. 820. See, Headnote, American Key-Numbered Digest, Schools and school districts, Key-No. 111, 35 Cyc. 1050 (1925 Annos.).