CHRISTENSON et al., Appellants, v. WARNER et al., Respondents.

and

FAULKTON INDEPENDENT CONSOLIDATED DISTRICT. Plaintiff, v. BOLLER,

Defendant, (Christenson et al., Intervenors).

(201 N. W. 1004.)

(File Nos. 5436, 5584. Opinion filed January 24, 1925.)

1. **Schools and School Districts—Prohibition—Superintendent's Approval of Plans and Specifications for School Building Held Insufficient.**

Approval by superintendent of public instruction of floor plans merely held not a sufficient approval, under Rev. Code 1919, Sec. 7612, prohibiting erection of school building without superintendent's approval of plans and specifications.

2.  Schools and School Districts—Elections—Annex Held Not Suffi-
    cient Building to Invalidate Election Dissolving Consolidated
    School District.

    ·Annex, 28 by 32 feet, one story high, containing hallway and
    one classroom, one side of hallway being wall of old building,
    and heated by pipes from basement of old building, and not
    legally approved by superintendent of pubilc instruction, held
    not a sufficient construction under Rev. Code 1919, Sec. 7612,
    to invalidate election dissolving consolidated school district.

3.  Schools and School Districts—Consolidated Districts—Dissolution
    of Consolidated School District Complete on Election to Aban-
    don; Failure of Seceding District to Reorganize Being Imma-
    terial.

    Dissolution of consolidated school district is complete on
    election to abandon, and failure of seceding district to reorgan-
    ize and carry on as school district does not make abandonment
    ineffective.

Appeal from Circuit Court, Faulk County; Hon. Alva E.
Taylor, Judge.

Action by P. A. Christenson and others against S. Marjory
Warner, Superintendent of Schools, Faulkton Independent Con-
solidated ·School District, and others. From a judgment for de-
fendants, and an order denying a new trial, plaintiffs appeal.
Pending appeal, an original proceeding was brought by Faulkton
Independent Consolidated School District against Andrew Boller,
Jr., County Treasurer, with P. A. Christenson and others interven-
ing, for a writ to prohibit the county treasurer from paying taxes
collected otherwise than to plaintiff. Judgment reversed, with
directions, and writ of prohibition denied.

D. J. O'Keefe, of Pierre, and R. A. Nord, of Faulkton, for
Appellants, defendant and interveners.

F. E. Snyder, of Faulkton, and Null & Royhl, of Huron, for
Respondents and for plaintiff in No. 5584.

POLLEY, P. J.  The first of these two actions, No. 5436,
was brought to dissolve the Faulkton consolidated school district,
No. 3, because of numerous alleged acts of fraud and dishonesty
on the part of the officers of the Faulkton Independent school dis-
trict, and of the county superintendent of schools of Faulk coun-
ty in bringing about the consolidation. Said consolidated district
was composed of the old Faulkton Independent school district

and Tamworth common school district No. 7. The trial court held that such organization was strictly legal in all respects and entered judgment for the defendants. From such judgment and an order denying a new trial the plaintiffs appeal.

After the organization of said consolidated school district a board of directors was elected who proceeded to levy and collect taxes on all the property in such consolidated district, and to maintain and carry on a grade and high school in the town of Faulkton within the said district. Later on the said district, respondent herein, and the real party defendant in interest in this action, commenced an original proceeding, No. 5584, in this court, asking for a writ of prohibition to prohibit the county treasurer from paying the taxes collected on property in what had formerly constituted the old Tamworth common school district to said common school district, or otherwise than to plaintiff.

The facts out of which this latter controversy arose, as shown by the petition for the writ of prohibition, are as follows: After the entry of the judgment in No. 5436, the residents of the territory that had constituted the old Tamworth district filed with the county superintendent of schools a petition asking that an election be called and held in such former district, pursuant to sections 1 and 5 of chapter 168, L. 1923, to determine the question of the dissolution and abandonment of the consolidated district. Such election was held and resulted in favor of such abandonment. To overcome the effect of such election, and to show that same was unauthorized and void, it is alleged in said petition that after the said consolidation the district erected a building of permanent character such as is contemplated by section 7612, C. L. 1919, and sections 1 and 5, ch. 168, L. 1923. Defendant contends that no such building had been erected, that the abandonment was effective and that the said consolidated district had been dissolved and ceased to exist.

The facts relative to such building are that many years ago there was erected in Faulkton a frame schoolhouse 38.5 ft. by 67 ft. on the ground and two stories high. Some few years later an addition 29 ft. by 38.2 ft. on the ground and two stories high was added to the old building. After the consolidation involved in this action the board of directors made repairs and improvements on said building costing some $15,000. A part of said im-

provement consisted of the erection of an addition 28 ft. by 32 ft. on the ground and one story high. Said addition contains a hallway and a classroom. One side of the hallway is the wall of the old building. The addition is heated by pipes leading up from the basement of the old building. A pencil sketch of the floor plans of this room that was submitted to the superintendent of public instruction is indorsed "Floor Plan of New Schoolroom to be Built at Faulkton, S. D."

Section 7612, Rev. Code 1919, provides:

"In order that due care may be exercised in the heating, lighting and ventilation of public school buildings hereafter erected, no school house shall be erected by any board of education or school district board in this state until the plans and specifications for the same, showing in detail the proper heating, lighting and ventilation of such building, shall have been approved by the superintendent of public instruction."

[1, 2] No attempt to comply with this section was made except to submit said floor plans to the superintendent of public instruction. The approval of the proposed annex by such superintendent was therefore a nullity. Bradewisch v. Howey, 45 S. D. 110, 186 N. W. 565. For this reason and because we have no hesitancy in holding that the construction of this room does not constitute such a building as is contemplated by the provisions of said statute, it follows that the election that was held in said consolidated school district to determine whether said consolidaton should be abandoned was legally held, and the majority having voted in favor of such abandonment the consolidation, so far as the Tamworth district is concerned, was thereby dissolved.

It is not material therefore whether the consolidation in the first instance was legal or not, for, conceding that it was legal, it was dissolved by the said election.

This disposes of the whole case. The questions brought up on appeal are purely moot questions, but, inasmuch as the judgment appealed from declares the consolidation legal and effective, said judgment will be reversed, and the circuit court is hereby directed to enter a judgment dissolving the said consolidation.

[3] In the petition for writ of prohibition it is alleged that since the said election the Tamworth district had taken no steps to reorganize and function as a district. The inference being that

having failed to reorganize and carry on as a school district the abandonment was ineffective, and that the consolidation was still intact. No such inference follows. When the majority of the electors voted for abandonment the dissolution was complete, and it was no longer a matter of concern to the Faulkton independent district whether the Tamworth district reorganized or whether it had any school at all.

The writ of prohibition is denied. In No. 5436 no costs will be taxed on this appeal, and in No. 5584 the defendant and intervenors may tax costs.

ANDERSON, J., not sitting.

Note.—Reported in 201 N. W. 1004. See, Headnote (1), American Key-Numbered Digest, Schools and school districts, Key-No. 71, 35 Cyc. 941; (2) and (3) Schools and school districts, Key-No. 44, 35 Cyc. 858.