SCHANKE COMPANY, INC., Respondent, v. PLANKINTON INDEPENDENT SCHOOL DISTRICT, et al, Appellants.

(246 N. W. 872.)

(File No. 7455. Opinion filed February 21, 1933.)

*Fellows & Fellows* and *Morgan & Eastman,* all of Mitchell, and *D. K. Barrett,* of Plankinton, for Appellants.

*Miller & Shandorf,* of Mitchell, for Respondent.

POLLEY, J. The salient facts in this case appear to be fully and concisely stated in a statement of agreed facts found in appellant's brief, and are as follows:

Prior to the year 1920, the Plankinton independent school district was an independent school district, and the Plankinton township school district was a common school district of Aurora county. On the 22d day of November of that year, an election was held in such school districts to vote upon the question of consolidating the two school districts into one, to be known as Plankinton independent consolidated school district No. 4, and which would include the whole of the territory theretofore embraced in the two districts. The question was answered in the affirmative, and thereafter steps were taken whereby a school board was elected for the new consolidated district, and this board, from about the 8th day of January, 1921, to the 14th day of September, 1922, continued to operate all of the schools in such newly created district. On September 1, 1921, the then board of such district purchased certain school busses from the defendant Fitzgerald, for use in the transportation of pupils attending the school within the district, and as payment therefor, on said date, issued its two certain war-

rants, each due one year from the date thereof, one of said warrants being for the sum of $2,250, and the other for $787.60. These warrants are set out and described in paragraph 6 of the stipulation of facts. By various transfers and indorsements, said warrants became the property of respondent corporation in April, 1926.

In the month of March, 1921, certain proceedings were commenced in the circuit court of Aurora county, for the purpose of testing the validity of the organization of the consolidated district, and on the 14th day of September, 1922, the functioning of this board was restrained by a temporary injunction. The case was tried, and the injunction was made permanent on November 21, 1922, and was thereafter on May 15, 1924, sustained by this court. See Bradwisch v. Howey, 45 S. D. 110, 186 N. W. 565; Id., 47 S. D. 369, 198 N. W. 820. Thereafter, in an action brought in such circuit court by the independent district against the township district and the consolidated district, the trial court rendered its judgment, decreeing that the funds and property of the so-called consolidated district should be used to pay the debts and obligations of such district, and directed the receiver, then appointed, to reduce all such assets, which included the busses for which the warrants above mentioned were given, to money, and to give notice to the creditors of such consolidated district to present their claims to such receiver. In accordance with this decree, all of said assets were sold, and thereafter due notice was given to all of such creditors, including respondent corporation, to file their claims. Respondent, did, on April 2, 1926, present its claim founded on the said warrants, and the receiver thereupon allowed such claim in full, and recommended its payment. The funds in the receiver's hands were insufficient to pay all claims in full, but respondent's claim, and other like claims, were paid to the extent of 92.35 per cent of the face amount thereof—respondent receiving thereby the sum of $2,805.23. After applying this payment on the principal represented by the warrants, there was left a balance of $232.37. Respondent contends, however, that it is entitled to interest in the sum of $1,094.02, bringing the total amount to $1,326.39, and it is to recover this amount that this action is brought.

At all times subsequent to the judgment dissolving the consolidated district (September 14, 1922), the educational affairs and

the schools of the territory embraced in that district, have been administered by the two defendant school districts, in the same manner as they were prior to the attempted organization of the consolidated district. Neither of these districts, however, received any portion of the property for which the warrants in suit were given, but said property was sold by the receiver, at public auction, and the proceeds thereof formed a part of the fund which was distributed to respondent and the other creditors of the consolidated district.

Upon these facts, the trial court gave the plaintiff judgment for the amount of its claim, with interest, and specified in said judgment the proportion of the total amount each of the two districts should pay. From this judgment defendants appeal.

The debt sued upon was incurred by the consolidated district; the property that was purchased by the consolidated district for which the debt was incurred was used for the benefit of all the people in both of the original districts. There is no contention that these busses were not necessary, and there is no suggestion of fraud on the part of the consolidated district in the purchase of said busses.

The theory and principle upon which respondent bases its right of recovery is correctly and concisely stated in Barnard & Co. v. Polk County, 98 Minn. 289, 108 N. W. 294, 6 L. R. A. (N. S.) 791, in the following language: "Where an existing corporation is dissolved and its territory annexed to another corporation, the latter succeeds to the obligations as well as to the property of the dissolved corporation. It takes the burdens with the benefits. The same result follows when a public corporation is dissolved and subsequently reincorporated, or a new corporation is created embracing substantially the same territory and inhabitants as the old. The effect of such a procedure is merely to give new form to the old corporation, and the new corporation is regarded as the successor of the old. The liability for the debts of the old corporation then rests upon the theory that the one corporation is the successor of the other, or upon the general principle that the corporation which receives the territory of the old and the benefits resulting therefrom, must also assume the debts."

And in that case the following authorities are cited in support

of such doctrine: Broughton v. Pensacola, 93 U. S. 266, 23 L. Ed. 896; Mobile v. Watson, 116 U. S. 289, 6 S. Ct. 398, 29 L. Ed. 620; Mount Pleasant v. Beckwith, 100 U. S. 514, 25 L. Ed. 699; Riley v. Township of Garfield, 54 Kan. 463, 38 P. 560; Ranken v. McCallum, 25 Tex. Civ. App. 83, 60 S. W. 975; Folsom v. Green-wood County (C. C.) 130 F. 730; Id., 137 F. 449, 69 C. C. A. 473; Ruohs v. Athens, 91 Tenn. 20, 18 S. W. 400, 30 Am. St. Rep. 858; Hill v. City of Kahoka (C. C.) 35 F. 32; Devereaux v. Browns-ville (C. C.) 29 F. 742; Brewis v. Duluth (C. C.) 13 F. 334; O'Connor v. City of Memphis, 6 Lea (Tenn.) 730; People v. Board, 94 N. Y. 263; Schriber v. Town of Langlade, 66 Wis. 629, 29 N. W. 547, 554; Ross v. Wimberly, 60 Miss. 345; Amy v. Sel-ma, 77 Ala. 103; City of Brownwood v. Noel (Tex. Civ. App.) 43 S. W. 890; Broadfoot v. City of Fayetteville, 124 N. C. 478, 32 S. E. 804, 70 Am. St. Rep. 610; Board of Com'rs v. Clarke & Courts, 12 Okl. 197, 70 P. 206; Shapleigh v. San Angelo, 167 U. S. 646, 17 S. Ct. 957, 42 L. Ed. 310. Appellants do not question the soundness or equity of the doctrine as above quoted, but contend that the facts in this case do not bring it within such doctrine. In support of this contention they say that the foundation of such doctrine is the broad equitable theory that the "successor corpora-tion is the recipient, not only of the territory of the de facto cor-poration, but of the very property and benefits for which the debt and obligation was created."

The action is not based on the warrants that were issued by the consolidated district. There is no law imposing any liability upon the defendants, and the right of recovery, if any, must be based upon purely equitable grounds because of the benefits derived from the use of the busses. Upon this ground we believe the de-fendants should pay; but not the full amount claimed by the plaintiff. The original amount was $3,037.60. Of this amount 92.35 per cent or $2,795.22 was paid. This leaves a balance of only $242.38. The amount claimed is $1,326.39. The difference of $1,084.01 is interest. But, assuming that the defendants ought to pay the balance of the unpaid part of the purchase price of the busses, should they be required to pay interest? We think not. Prior to the payment of the proceeds of the receiver's sale, there was no liability, either legal or equitable, on the part of the de-

fendants, and certainly they should not be required to pay interest that had accrued prior to the inception of liability. It was not until the proceeds of the receiver's sale had been paid that defendants knew they would be asked to pay any part of the debt. Therefore they could not have stopped the accrual of interest by the payment of the debt. Nor do we think they should be required to pay interest on the balance actually due on the principal. The demand made by the plaintiff was for an amount grossly in excess of the amount for which defendants should be held liable. While defendants did not offer to pay the actual amount due, there is nothing in the record to suggest that such offer would have been accepted had it been made, or that defendants could have paid the actual amount and relieved themselves of paying interest. Therefore equity does not require that defendants pay any interest whatever.

The judgment and order appealed from are reversed, and the cause is remanded to the trial court, with directions to enter judgment for $232.37 without interest. No costs will be taxed on this appeal.

CAMPBELL and WARREN, JJ., concur.

ROBERTS, J., concurs in result.

RUDOLPH, P. J., not sitting.