MALON FLOWERS and Others v. JOHN M. BARTLETT and Others.[1]

November 11, 1896.

Nos. 10,184—(79).

**Change of Venue—Demand—Filing Proof—Effect.**

If an action commenced in one county is removable to another under G. S. 1894, § 5188, as amended by Laws 1895, c. 28, the service by the defendant of his affidavit of residence, and demand for a change of the place of trial to the latter county, the place of his residence, and the filing with the clerk of the court where the action was commenced of proof of such service, ipso facto change the place of trial to the latter county, and no order of the court is necessary.

**Same—Order Denying Change.**

The mere denial of an application thereafter made to the judge of the court of the former county to change the place of trial to the latter county, and to order the clerk of the former county to transmit the files accordingly, does not have the effect of retaining the case in the former county, or changing the place of trial back to that county.

**Same—Objection—How Raised—Appeal.**

The question of whether the place of trial has been thus changed may be raised by objecting to the hearing of a demurrer to the complaint in a county which, if the action has been so removed, is not the proper county; and the question may be raised in this court on appeal from an order overruling the demurrer.

**Corporation—Action by Creditor against Officer—Venue—Action for Penalty.**

An action under G. S. 1894, § 2600, by a creditor of a corporation to recover the amount of his debt from the officers of the corporation, on the ground that they have been guilty of fraud, unfaithfulness, or dishonesty in the discharge of their official duties, is not an action for the recovery of a penalty, within the meaning of G. S. 1894, § 5184, which provides that an action for the recovery of a penalty or forfeiture imposed by statute shall be tried in the county where the cause of action, or some part of it, arose, unless the court otherwise orders. Merchants' Nat. Bank v. Northwestern Mnfg. & C. Co., 48 Minn. 349, overruled.

Appeal by defendant Charles Kittleson from an order of the district court for Le Sueur county, Cadwell, J., overruling a demurrer to the complaint. Reversed.

[1] Reported in 68 N. W. 976.

*Ludvig Arctander* and *John W. Arctander*, for appellant.

*C. C. Kolars*, *C. R. Davis*, and *Edgerton*, *Wickwire & Rice*, for respondents.

CANTY, J. The Gilbert Grain Company is a corporation organized under the laws of this state. This action is brought by a number of its creditors against it and its officers and directors, under G. S. 1894, § 2600, subd. 3, to recover the amount of plaintiffs' claims from such officers and directors on the ground that they have been guilty of fraud, unfaithfulness, and dishonesty in the discharge of their official duties.

The action was commenced in Le Sueur county, where none of the defendants resided, and more than a majority of them joined in a demand for a change of the place of trial to Hennepin county, where several of them resided. The demand and affidavits of residence accompanying the same, and proof of service of such demand and affidavits, were duly filed with the clerk of the court of Le Sueur county, pursuant to G. S. 1894, § 5188, as amended by Laws 1895, c. 28. The clerk refused to transmit the files in the case to Hennepin county pursuant to that statute, and thereupon said defendants made a motion before the judge of the Le Sueur court to have the place of trial so changed, and for an order directing the clerk to transfer the files to Hennepin county. The motion was denied by the judge.

Hennepin county is in the Fourth judicial district, and Le Sueur is in the Eighth, an adjoining district. The defendant Kittleson demurred to the complaint on several grounds. Plaintiffs noticed the demurrer for argument before said judge at a special term of the district court held at Henderson, Sibley county, also in the Eighth district. Kittleson appeared specially, and objected to the hearing of the demurrer at that place on the ground that the action had already been removed to Hennepin county. The judge overruled the objection, and, after hearing the argument of plaintiffs' attorneys, filed an order overruling the demurrer, and Kittleson appeals from that order.

1. Appellant attempts to raise on this appeal the question whether or not the action has been transferred to Hennepin county. Respondents, to meet this, say that the former order of the court denying the motion to change the place of the trial cannot be reviewed on

this appeal; that an appeal from an order does not, like an appeal from a judgment, bring up for review the regularity of prior orders or rulings of the court. This is undoubtedly true, and, if the order denying the motion to change the place of trial has the effect of retaining the case in Le Sueur county for trial, and the place of trial is in that county until that order is reversed or set aside, then respondents' point is well taken. But, in our opinion, that order has no such effect if the case is one which comes within section 5185 and section 5188, as so amended.

Section 5188, as so amended, provides that on serving the demand and affidavits aforesaid, and filing due proof of such service in the office of the clerk as aforesaid, "such action shall thereupon be transferred, and the place of trial thereof changed to the county of which such defendant is a resident, without any other steps or proceedings whatever." No claim is made that the statute has not, in these respects, been fully complied with. Then, in our opinion, if these provisions apply to this action, it was by the demand, affidavits, and proof so filed in the clerk's office, ipso facto removed from Le Sueur county to Hennepin county. The judge of the Le Sueur court did not order the case removed back from Hennepin county, and his denial of the motion for its removal to that county, and the transmission of the files to that county, did not have the effect of removing it back from that county. Then, if the case is so removable, it was pending in Hennepin county, and not in Le Sueur, where the demurrer was brought on for hearing.

Appellant contends that the court in Sibley county had no jurisdiction to hear the demurrer. But section 5, article 6, of the constitution authorizes the legislature to provide that the judge of one district may discharge the duties of judge of any other district; and G. S. 1894, § 4837, authorizes the district courts in term time and the judges thereof in vacation "to award throughout the state, returnable to the proper county," all "writs or processes necessary to the perfect exercise of the powers with which they are vested, and the due administration of justice." Then we are not ready to hold that the court in Sibley county had no jurisdiction to hear the demurrer, even if the case had been removed to Hennepin county. See State v. District Court, 52 Minn. 283, 293, 53 N. W. 1157. But, if the case had been so removed, it was irregular to bring the demurrer on for

hearing in Sibley county. While G. S. 1894, § 5227, provides that motions may, in certain cases, be brought on for hearing in an adjoining district, respondents do not claim that they brought themselves within that section, and clearly they did not. Appellant had a right to object to the hearing of the demurrer on the ground that Sibley county was not the proper county in which to hear it. If the court erred in overruling his objection, the error is reviewable on this appeal. See State v. District Court, supra.

2. Then we must meet the main question in the case, and determine whether the action is removable under sections 5185 and 5188, aforesaid.

Respondents contend that the action is one for the recovery of a penalty, and, under section 5184, is triable in the county where the cause of action, or some part of it, arose. The complaint shows that some of the alleged acts of fraud, unfaithfulness, and dishonesty were committed in Le Sueur county. Then, if this is an action to recover a penalty, within that section, it is not removable under sections 5185 and 5188. It was held in Merchants' Nat. Bank v. Northwestern Mnfg. & C. Co., 48 Minn. 349, 51 N. W. 117, that such an action is an action to recover a penalty, and, under the second subdivision of section 5137, the statute of limitations runs upon the cause of action in three years. That case was necessarily overruled by the opinion in National New Haven Bank v. Northwestern Guaranty Loan Co., 61 Minn. 375, 63 N. W. 1079. See pages 386, 387, 61 Minn., and page 1082, 63 N. W. Our attention was not called to the former case on the argument of the latter case, and the writer, who wrote the opinion in the latter case, was not then aware of the former case; but some of our justices say they had it in mind when deciding the latter case. We are still of the opinion that the liability provided for by the third subdivision of section 2600 is not in any proper sense a penalty.

This statute must be construed as a part of the charter of every corporation. Such charter, then, exempts the stockholders and officers of the corporation from personal liability for the debts of the corporation (except to a certain limited extent), unless such officers have been guilty of fraud, unfaithfulness, or dishonesty, when they become liable for the debts of all the creditors specially injured by such acts. Their exemption from liability was only conditional, and

they have violated the condition. A special and peculiar privilege was granted, which, on the commission of certain acts by the grantee, would stand revoked, leaving him liable merely to the same consequences as if the special privilege had never been granted him; that is, leaving him liable for the debts of the corporation. This is not the incurring of such a statutory penalty as is contemplated by section 5184. Then the case was removable under section 5185 and section 5188, as amended, and had been removed before the demurrer was brought on for hearing.

It follows that Sibley county was not the proper county in which to hear the demurrer against appellant's objection. The court erred in hearing the same, and the order appealed from must be reversed.

It also follows that we should not, on this appeal, consider the demurrer on its merits any more than the court below should have done so, and therefore the other points raised by appellant will not be passed upon.

Order reversed.