STATE ex rel. OLE A. HAGAN v. DISTRICT COURT OF RAMSEY COUNTY and Others.[1]

June 26, 1903.

Nos. 13,574—(200).

**County of Columbia.**

After the proclamation of the Governor to that effect, the county of Columbia was a de facto organized county until its organization was declared illegal by this court in State v. Larson, 89 Minn. 123.

[1] Reported in 95 N. W. 591.

**Change of Venue—Mandamus.**

> Rule followed, that the filing of the proper affidavit and demand for a change of the place of trial of an action to the proper county, with proof of service thereof, ipso facto changes the place of trial.

Order to show cause directed to the district court for Ramsey county and the judges and clerk thereof, issued from the supreme court upon petition of relator for a peremptory writ of mandamus.   Writ granted.

*H. W. Stark, Holston & Hagen, Ira B. Mills,* and *Ernest B. Mills,* for relator.

*C. H. Biorn,* for respondents.

PER CURIAM.

Order to show cause why a peremptory writ of mandamus should not issue, directing the respondents to transfer all the papers and files in the case of Severine Hagan against Ole A. Hagan, originally commenced in the district court of the county of Ramsey, to the district court of the county of Polk.

There is no substantial dispute as to the facts.   The defendant in the action, before the time for answering expired, made his affidavit to the effect that at the time the summons was served on him and at the time of making the affidavit he was an actual resident of the county of Columbia, and duly demanded that the trial of the action be had in the county of Columbia, and filed the affidavit and demand, with proof of service thereof, on February 14, 1903, in the office of the clerk of the district court of the county of Ramsey.   The clerk thereof refused to transfer the papers and files in the action to the district court of the county of Columbia.   Thereafter the plaintiff in the action noticed it for trial in the district court of the county of Ramsey, and placed it upon the calendar, and that court denied the motion of the defendant to strike the case from the calendar and set the case for trial.

The only claim made by respondents, meriting consideration, in support of the jurisdiction of the district court of the county of Ramsey to retain and try the cause, is the fact that this court, on April 16, 1903, in the case of State v. Larson, 89 Minn. 123, 94 N. W. 226, adjudged the organization of the county of Columbia invalid.   The county, however, was, from the date of the Governor's proclamation to that effect, of which the state courts take judicial notice, a de facto organ-

ized county, and the legality of its organization could not be attacked collaterally. State v. Honerud, 66 Minn. 32, 68 N. W. 323; State v. Board of Co. Commrs., 66 Minn. 528, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631; St. Paul Gaslight Co. v. Village of Sandstone, 73 Minn. 225, 75 N. W. 1050. It follows that the filing of the affidavit and demand, with proof of service thereof, ipso facto changed the place of trial of the action to the district court of the county of Columbia, and that it was pending there for trial when the de facto organization of that county was dissolved by the action of this court. Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976; State v. District Court of Meeker Co., 77 Minn. 302, 79 N. W. 960; Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342. Therefore the action is now pending in the county of Polk, which includes the territory of the de facto county of Columbia, and the district court of the county of Ramsey has no jurisdiction to try it.

Let the writ issue as prayed.