STATE EX REL. SECURITY STATE BANK OF WALDORF
v. THE DISTRICT COURT OF WASECA COUNTY
AND HON. A. B. CHILDRESS, JUDGE THEREOF.[1]

December 16, 1921.

No. 22,574.

**Change of venue — intervener in garnishment.**

1. In a garnishment proceeding the place of trial may be changed, on the application of the intervener, for convenience of witnesses. In this case the showing sustains the order of the court changing the place of trial.

**Mandamus to review decision of question of venue.**

2. The writ of mandamus has become a writ of review of orders made by the trial court granting or denying a motion for a change of the place of trial. It may be invoked when the change of the place of trial is a matter of right under G. S. 1913, § 7722, or when, under G. S. 1913, § 7723, the court grants or denies a motion for a change on the ground of the convenience of witnesses, and in determining the motion exercises its judgment and discretion.

Upon the relation of Security State Bank of Waldorf the supreme court granted its alternative writ of mandamus directed to Honorable Arthur B. Childress, judge of Waseca county, directing him to retain for trial the above entitled action brought in that county. Affirmed.

*Moonan & Moonan,* for relator.

*S. B. Wilson,* for respondents.

PER CURIAM.

Alternative writ of mandamus to the judge of the district court of Waseca county directing him to retain for trial an action brought in that county.

1. There was a garnishment proceeding in which the Farmers State Bank of Pemberton had intervened and applied for and obtained an order changing the venue to Blue Earth county. The order was made on

[1]Reported in 185 N. W. 1019.

the ground that the convenience of witnesses and the ends of justice would be promoted by the change, and was based on an affidavit stating that the only issue to be tried was one between the plaintiff-relator and the Pemberton bank, that the defendants in the main action resided in Faribault county, the garnishees and the intervener in Blue Earth county, and that Mankato is more accessible than Waseca to all necessary witnesses. The plaintiff bank is located in Waseca county.

Relator contends that the district court had no jurisdiction to enter the order, for the reason that the garnishment proceeding was not an independent action but was incidental to the main action, which had been finally determined, and that section 7723, G. S. 1913, has no application to a controversy between the plaintiff in the main action and a third party brought under section 7869, G. S. 1913. In this we do not concur. Section 7723, G. S. 1913, applies to all civil actions, and a contest such as this is one to enforce and protect a private right, and hence it is a civil action. Section 7673, G. S. 1913; Wildner v. Ferguson, 42 Minn. 112, 43 N. W. 794, 6 L.R.A. 338, 18 Am. St. 495. The district court had jurisdiction to change the venue. It is largely within the discretion of the trial court to grant or refuse an application for a change of venue for the convenience of witnesses, and its action will not be reversed unless the case is one where there has been an abuse of discretion. Wilson v. Richards, 28 Minn. 337, 9 N. W. 872. This is not such a case.

2. There is a question as to the propriety of mandamus to review the order of the court changing the place of trial.

In certain cases there is a right of trial in a particular county. G. S. 1913, §§ 7714-7722. In certain other cases the place of trial may be changed by the court when there has been a joinder for the purpose of preventing a change given by the statute of right, or when an impartial trial cannot be had, or when the convenience of witnesses and the ends of justice will be promoted. G. S. 1913, § 7723.

By mandamus the supreme court may require an inferior tribunal to exercise its judgment or to proceed with the discharge of its functions, but it cannot control judicial discretion. G. S. 1913, § 8266. It is an extraordinary legal remedy. It does not correct errors nor control the judgment of a court acting within jurisdiction, nor serve the purpose of

an appeal. As was said in In re Winn, 213 U. S. 458, 468, 29 Sup. Ct. 515, 53 L. ed. 873, "mandamus will not lie to control judgment or discretion where the judgment or judicial discretion is within the limits of jurisdiction," and "writs of mandamus must not be permitted to usurp the functions of writs of error or appeals, or take their place when they offer an adequate remedy to the aggrieved party."

It was early held that the aggrieved party could not appeal from an order denying or granting a motion to change the place of trial, but that such order could be reviewed upon appeal from an order denying a motion for a new trial, or from the judgment. Carpenter v. Comfort, 22 Minn. 539; Wilson v. Richards, 28 Minn. 337, 9 N. W. 872. The inadequacy of such relief is apparent. The desirability of a speedy and final determination of the proper place of trial, before trial, was commented on in Delasca v. Grimes, 144 Minn. 67, 174 N. W. 523, where the cases are reviewed. A practice which does not permit a final determination of the proper place of trial, except on appeal, when, if there has been error in determining it the whole trial, no matter if rightly conducted, goes for naught, is intolerable.

In State v. District Court of Meeker County, 77 Minn. 302, 79 N. W. 960, it was held that where defendant complied with the law as to the change of venue, where he was entitled as of right to it, the place of trial being ipso facto changed, mandamus would lie to compel the court to transfer the files. The use of mandamus became common in this class of cases and it was clearly an appropriate remedy, though an extraordinary one. It did not at all trench on the judicial authority of the district court or operate to review its judgment.

In the recent case of Winegar v. Martin, 148 Minn. 489, 182 N. W. 513, where it was claimed that a party was joined to evade the statute, it was held that the order changing the place of trial was not appealable. The court there reviews the cases in which mandamus has been used. An examination of them discloses that it is the approved practice to try on mandamus the question whether the place of trial has in fact been changed in cases where a party is entitled to it of right under section 7722, and that it has been used when the court changed or refused to change the venue under section 7723, subd. 1, because a party was joined to evade section 7722. In their anxiety for the determination of the

substantive right neither the parties nor the court thought of the propriety of the use of a writ. The determination of the court in a case like that last cited is judicial. So the determination in this case that the convenience of witnesses and the ends of justice will be promoted is judicial. The use of mandamus in reviewing the order of the trial court, affirming or reversing it, is a perversion of the original scope and purpose of the writ. But a majority of the court are of the opinion that mandamus should be, in all cases involving a change of the place of trial under the statute, an appropriate remedy, and that it has now become a reviewing writ when there is a dispute as to the proper place of trial, and lies to determine the correctness of the judgment of the trial court in granting or denying a motion upon the ground of convenience of witnesses. That in a particular case it assumes a negative character, as a sort of injunctive mandamus, commanding the court to retain the case for trial, is a necessary result of its use as a reviewing writ, for if so used it must sometimes command action and sometimes command nonaction.

Order affirmed.

DIBELL, J. (dissenting).

In my judgment the writ of mandamus should not be perverted to serve the purpose of an appeal and to review the judgment of the district court. That it should be so used was not intended by Const. art. 6, § 2, nor by G. S. 1913, § 8266. The use of the writ now sanctioned gives a fairly convenient way of getting a speedy decision before trial. So would certiorari or prohibition if their use were sanctioned for the same purpose. It might be well if the statute made all orders relative to the change of venue appealable within a short time after made with a provision for a speedy hearing, but it does not, and we have held such orders not appealable, though reviewable on appeal from the judgment, or order on motion for new trial. I think the writ should be quashed upon the ground that mandamus does not lie.