STATE EX REL. MINNEAPOLIS, ST. PAUL & SAULT STE.
MARIE RAILWAY COMPANY v. DISTRICT
COURT OF POPE COUNTY.[1]

December 5, 1924.

No. 24,593.

**Denial of change of venue correct.**
1. The court did not err in denying a motion, because not seasonably made, to change the place of trial upon the ground that the change would promote the convenience of witnesses and the ends of justice.

**Change of venue—limited review when writ of mandamus is used.**
2. When mandamus is used to review the order of the court on a motion to change the place of trial to promote the convenience of witnesses and the ends of justice, only the matters presented to the trial court can be considered by the supreme court. It sits in review and does not try the facts.

Upon the relation of Minneapolis, St. Paul & Sault Ste. Marie Railway Company the supreme court granted its order to show cause why a peremptory writ of mandamus should not issue directing the district court for Pope county, Flaherty, J., to change the place of trial of an action in which Edward J. Gallagher was plaintiff and relator defendant. Order discharged.

*John E. Palmer*, for relator.
*Davis & Michel*, for respondent.

DIBELL, J.
Order to show cause why a peremptory writ of mandamus should not issue directing the district court of Pope county, Honorable S. A. Flaherty, judge, to change the place of trial of an action brought in that county by Edward J. Gallagher against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, to St. Louis county.

[1]Reported in 201 N. W. 298.

The motion of the defendant to change the place of trial was denied. The grounds of the motion were that the convenience of witnesses and the ends of justice would be promoted by the change. See G. S. 1913, § 7723; Dunnell, Minn. Dig. § 10127, and cases cited.

The action was commenced in August, 1924. Issue was joined by the service of a reply on September 8, 1924, and thereupon the case was noticed for trial at the term of court commencing on November 24, 1924. The motion to change the place of trial was made on eight days' notice and was returnable on November 17.

The action is for personal injuries occurring in the defendant's yards in Duluth. The plaintiff lives there. The witnesses, with the exception of certain medical witnesses for the defendant, are residents of Duluth, or of Superior, immediately across the bay, in Wisconsin. Pope county is 200 miles away.

The court denied the motion for the reason that it was not seasonably made. If it had been made promptly, and granted, the action would have been for trial at the November, 1924, term at Duluth. Now, if the trial is at Duluth, it can be had not earlier than the January, 1925, term, and will not be reached earlier than February 1, 1925. The facts, delay aside, justify changing the place of trial. Apparently that was the view of the trial court. The holding of the trial court that the motion was not seasonably made, and that is the basis of the order denying it, is sustained and there was no abuse of discretion. Dunnell, Minn. Dig. §§ 10126, 10127.

2. In State v. District Court of Waseca County, 150 Minn. 498, 185 N. W. 1019, we held that the writ of mandamus had become a writ of review of orders involving a change of the place of trial, though the question be as here one determinable in the first instance by the trial court and involving the exercise of its judgment and discretion. In using the writ as a writ of review we can consider only the facts before the trial court upon the hearing of the motion and from them determine whether there was error; or, to put it in a different way, the writ is used as an appeal from the order, or a writ of certiorari to review it, would be used were they applicable. Counsel for the plaintiff and the defendant have bur-

dened themselves by procuring affidavits, presented for the first time in this court, intended to show why a change should or should not be granted. We cannot consider them. The return should bring to us the showing made before the trial court on the hearing of the motion. Neither plaintiff nor defendant can bring to us anything which was not presented to the trial court on the hearing of the motion.

Order to show cause discharged.