STATE EX REL. J. E. WARD v. DISTRICT COURT OF RAMSEY COUNTY AND ANOTHER.[1]

August 6, 1937.

No. 31,516.

*Leo J. Seifert,* for relator.
*Freeman & King,* for respondents.

PER CURIAM.

Relator brought an action in the district court of Jackson county, this state, against Esther Schlekau, to recover damages for injury to person and property received in a collision between an automobile of relator and one driven by said Schlekau occurring on a trunk highway in said county on the evening of December 24, 1936, through the alleged negligence of said Schlekau. Defendant procured a change of venue to Ramsey county, the place of her residence. Relator upon affidavits moved the court, the Honorable Richard A. Walsh, for a change of venue to Jackson county for the convenience of witnesses and in the interest of justice. The motion was opposed and denied, and relator applies to this court for a peremptory writ of *mandamus* directing the court below to transfer the case for trial to the district court of Jackson county. One of the passengers in relator's car also instituted an action to recover of Esther Schlekau damages for injuries received in the same collision, and the same motions were made in that case as in this. The two cases can well be tried together.

Change of venue for convenience of witnesses and in the interest of justice is largely within the discretion of the trial court, and were it not for the facts presently to be stated its decision would not be disturbed. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 10127. Esther Schlekau set up a counterclaim for injuries she received in the same collision, alleged to have been caused by relator's negligence, and specifically charges that he was driving his car when under the influence of intoxicating liquor. Relator shows that he has some 10 or 11 persons residing near Jackson whom it will be necessary to call as witnesses to meet such issue. There

[1]Reported in 274 N. W. 623.

is nothing to show that on that issue either party has any witness residing elsewhere than near the county seat of Jackson county. This issue so raised by Schlekau seems to us to go far to establish that there was abuse of judicial discretion in refusing to remand the cases to Jackson county for trial, where this large number of necessary witnesses could easily attend conveniently and without great traveling expense. In addition, consideration should be given to the fact that should it appear necessary that the jury view the place of collision, it could not well be done if the trial is had in Ramsey county.

Let the writ issue as prayed.