STATE EX REL. I. BERG v. DISTRICT COURT OF HENNEPIN
COUNTY AND OTHERS.
STATE EX REL. MELVIN POFAHL v. SAME.[1]

June 2, 1939.

Nos. 32,160, 32,161.

*Swanson Brothers,* for relators.
*Ernest E. Watson,* for respondents.

PER CURIAM.

Plaintiffs commenced these actions in Grant county, where they reside and where the collision occurred between Berg's car, in which plaintiff Pofahl was a passenger, and defendant Lauretta Goblirsch's car, while being driven by her husband, Joseph B. Goblirsch, with her consent and while acting as the agent of defendant

[1]Reported in 286 N. W. 355.

corporation. Berg sues to recover $425 for damages caused to his car. Pofahl sues for $500 damages for personal injuries.

The summons was served only on the defendant corporation. Defendants Joseph B. Goblirsch and Lauretta Goblirsch reside at St. Cloud, and, although not served, they voluntarily appeared and joined with defendant corporation in changing the venue by demand pursuant to the statute to Hennepin county, where it has its principal place of business in the state. Defendants Goblirsch filed counterclaims, Joseph B. for $11,037.50 for personal injuries, and Lauretta for $525 for damages to her automobile, all claimed to have been caused by the collision.

The plaintiffs moved to remand the cases to Grant county for trial upon the ground of convenience of witnesses. The motions were denied, and these writs of *mandamus* are prayed to compel the remand.

The plaintiffs by affidavits showed that they would produce 11 material witnesses, nine of whom reside at Hoffman, one at Wheaton, and one at Alexandria. All are relatively close to Elbow Lake, the county seat of Grant county, which is about 175 miles from Minneapolis, the county seat of Hennepin county. All except a doctor and a garageman would testify to facts and circumstances relating to the accident. The doctor would testify as to the nature and extent of Pofahl's injuries. The garageman would testify as to the damages to Berg's car. Defendants in opposition showed that they intended to call two doctors who attended defendant Joseph B. Goblirsch and the nurses who took care of him and who are not named in their affidavits.

The trial court has a wide discretion in the decision of motions of this kind. But in this case we think there was an abuse of discretion. The defendants Goblirsch joining the corporation to move the case for trial to a place about 65 miles from their residence only aggravated the inconvenience that plaintiffs would be put to if the cases had only been moved to St. Cloud. That aside, to compel 11 witnesses to travel 175 miles to Minneapolis and there wait after the case is called on the calendar instead of compelling

two or a few more witnesses to travel the same distance from Minneapolis to Elbow Lake, where there would probably be little, if any, waiting, cannot be justified. Badger v. Kishkunas, 203 Minn. 602, 281 N. W. 878; State ex rel. Ward v. District Court, 200 Minn. 632, 274 N. W. 623; State ex rel. Kulla v. District Court, 200 Minn. 633, 274 N. W. 673.

Let the writs issue.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.