## STATE EX REL. PETER J. SCHMITT AND OTHERS v. M. J. HOFFMANN.[1]

February 9, 1951.

No. 35,472.

*J. A. A. Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, and *Bert McMullen* and *John H. Rheinberger,* Special Assistant Attorneys General, for relator.

*Kleve J. Flakne, Ray G. Moonan,* and *Lewis E. Lohmann,* for original petitioners and respondent Joseph J. Moriarty.

LORING, CHIEF JUSTICE.

Order to show cause why a peremptory writ of mandamus should not issue from this court commanding the clerk of the district court for Scott county to transfer to Ramsey county the files in a proceeding instituted in Scott county by Peter J. Schmitt

---

[1]Reported in 46 N. W. (2d) 468.

and others against M. J. Hoffmann, state commissioner of highways.

Peter J. Schmitt and other landowners, referred to above as petitioners, applied to the district court for Scott county for an alternative writ of mandamus commanding the commissioner of highways to take appropriate action to bring about condemnation proceedings relative to certain land owned by petitioners or to show cause why he should not do so. Petitioners alleged that their land has been damaged as a result of the construction of a certain trunk highway and that it has been omitted from all prior condemnation proceedings instituted by the commissioner for the purpose of compensating other persons whose land was affected by construction of the same trunk highway. The commissioner then made demand, pursuant to M. S. A. 542.10, for a change of venue to Ramsey county, his residence. The clerk of court of Scott county refused to transmit the files in the mandamus proceeding to the district court for Ramsey county because of an ex parte order issued by Judge Joseph J. Moriarty directing him to refrain from so doing. The commissioner thereupon petitioned this court for an alternative writ of mandamus to compel transfer of the files to Ramsey county.

If this action comes within the provisions of § 542.10, the commissioner is entitled to the writ prayed for changing the venue to Ramsey county. In a proper case, compliance with § 542.10 effects an automatic change of venue, and the commissioner thereafter has an absolute right to have the papers and files transferred to the district court of the proper county.[2] It will be noted, however, that § 542.10 provides for a change of venue only if the county designated in the complaint is not the proper county in which to commence the action. Although the general

[2]Flowers v. Bartlett, 66 Minn. 213, 68 N. W. 976; State ex rel. Minneapolis Threshing-Machine Co. v. District Court, 77 Minn. 302, 79 N. W. 960; Hurning v. Hurning, 80 Minn. 373, 83 N. W. 342; State ex rel. Hagan v. District Court, 90 Minn. 118, 95 N. W. 591; Pavek v. Ceska Farmarska Vzajemne, etc., 202 Minn. 304, 278 N. W. 367.

rule in this state is that actions shall be tried in the county in which one or more of the defendants reside when the action is begun,[3] an exception exists in the case of actions relating to land. Section 542.02 provides:

"Actions for * * * the determination *in any form* of an estate or interest therein [referring to real estate], and for injuries to lands within this state, shall be tried in the county where such real estate or some part thereof is situated, * * *." (Italics supplied.)

Although the landowners have sought by mandamus to compel the commissioner to bring about condemnation of their land, the sole issue to be determined is whether there has been a taking of some interest or estate in their land or some damage done to it.[4] Although actions in mandamus have traditionally been regarded as *in personam*,[5] it is apparent that the language in § 542.02 referring to a "determination in any form" is broad enough to cover a mandamus proceeding where the sole question involved is whether land has been taken or damaged by the state. The form of the relief sought is *in personam*, but the sole determination to be made relates directly to land. That being the case, § 542.02 makes the action local regardless of its form.[6]

[3] M. S. A. 542.09; State ex rel. Child v. District Court, 85 Minn. 283, 88 N. W. 755; State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284; State ex rel. Bd. of Water Commrs. v. District Court, 230 Minn. 507, 42 N. W. (2d) 201.

[4] State, by Peterson, v. Anderson, 220 Minn. 139, 152, 19 N. W. (2d) 70, 76, where the court said: "In this state, a writ of *mandamus* is a civil action, which gives the state officers an opportunity to answer and set up either that the land was not damaged or that the state proposes to remedy or has remedied the construction which causes the damage, and therefore that it does not seek to acquire an easement or title."

[5] 55 C. J. S., Mandamus, § 2, p. 17.

[6] State ex rel. Nyquist v. District Court, 164 Minn. 433, 205 N. W. 284. Actions triable where the subject matter is situate are termed "local."

In State ex rel. Bd. of Water Commrs. v. District Court, 230 Minn. 507, 42 N. W. (2d) 201, this court was confronted with a similar problem to that which is presented here. In that case plaintiffs owned land abutting on two lakes. The board of water commissioners of the city of St. Paul drained water from one of the lakes, lowering the water level in both lakes, and thereby causing damage to plaintiffs, who sought to obtain an injunction commanding the board of water commissioners to stop such drainage. The board moved for a change of venue to Ramsey county under the provisions of § 542.10. The court there stated (230 Minn. 510, 42 N. W. [2d] 203):

"In the instant case, * * * the action is for trespass, and the principal and primary relief sought relates to lands in Anoka county. It is true that the injunction prayed for will enjoin defendant *in personam*. This, however, relates only to the relief prayed for and is ancillary to the main question involved, that is, the trespass upon plaintiffs' property. Therefore, this is an action wholly local in nature, and, under § 542.02, it should be tried in Anoka county, where the lands are situated."

The present case is identical in principle. Although the present action in mandamus is *in personam,* that fact relates only to the form of relief and is ancillary to the sole issue, which concerns a taking of or injury to land. In such case, the action must be regarded as falling within the provisions of § 542.02.

Certainly, there is every reason to construe § 542.02 as being applicable to the present action. The most grievous multiplicity of suits and circuity of action results from any other construction of the statute. In this case, the action was commenced in the district court for Scott county by petition for a writ of mandamus directed to the commissioner of highways. The commissioner, in turn, made demand for a change of venue to Ramsey county. When the clerk of court of Scott county refused to transmit the files to Ramsey county, the commissioner applied to this court for a writ of mandamus to compel the transfer of the files. If we were to hold that this case

falls within § 542.10 and that the writ should be granted, the case would then come on for trial in Ramsey county on the narrow issue of whether petitioners' land in Scott county has been taken or damaged by construction of the trunk highway. The assessment of the damage would not be an issue. In case of a determination in favor of the landowners, condemnation proceedings would then have to be instituted in Scott county to have commissioners assess the amount of damages. In both the mandamus action and the condemnation proceeding the witnesses would naturally be residents of Scott county. If a motion to change the venue from Ramsey to Scott county for the convenience of witnesses were made and denied, a third action in mandamus would then lie to test the propriety of the court's refusal to grant a change of venue.[7] We should not attribute to the legislature an intention to bring about so absurd a result. Such a procedure would be manifestly inefficient, tend to prolong litigation, and inconvenience the parties.

Peremptory writ denied.

MAGNEY, JUSTICE (dissenting).

The majority opinion concedes that the form of relief sought in the original mandamus action is *in personam,* but contends that the sole determination to be made relates directly to land, and that therefore § 542.02, quoted in the opinion, applies. How the original mandamus action can be considered an action "for * * * the determination *in any form* of an estate or interest therein [referring to real estate], and for injuries to lands within this state" (italics supplied), I am unable to see. If a writ be issued in the original action, it must necessarily be one *in personam* against the commissioner to compel him to initiate legal proceedings, that is, to compel him to request the attorney general to commence condemnation proceedings. See, State, by Peterson, v. Anderson, 220 Minn.

---

[7]State ex rel. Security State Bank v. District Court, 150 Minn. 498, 185 N. W. 1019; State ex rel. Berg v. District Court, 205 Minn. 407, 286 N. W. 355; Badger v. Kishkunas, 203 Minn. 602, 281 N. W. 878; State ex rel. Ward v. District Court, 200 Minn. 632, 274 N. W. 623.

139, 152, 19 N. W. (2d) 70, 76. The second action, or proceeding, if brought by the attorney general, will, of course, relate to land in Scott county, but the original mandamus action, if determined adversely to the commissioner, simply directs him to have another action initiated.

State ex rel. Bd. of Water Commrs. v. District Court, 230 Minn. 507, 42 N. W. (2d) 201, cited as authority by the majority for its position, was an action to enjoin drainage of a lake to prevent injury to riparian owners. It was an action in trespass. We held that, since an action to enjoin trespass upon lands is an action to prevent injury thereto, it follows that under § 542.02 such an action should be tried in the county where the lands are situated. We there said (230 Minn. 510, 42 N. W. [2d] 203):

"In the instant case, as previously stated, the action is for trespass, and the principal and primary relief sought relates to lands in Anoka county. It is true that the injunction prayed for will enjoin defendant *in personam*. This, however, relates only to the relief prayed for and is *ancillary* to the main question involved, that is, the trespass upon plaintiffs' property. Therefore, this is an action wholly local in nature, and, under § 542.02, it should be tried in Anoka county, where the lands are situated." (Italics supplied.)

The writ prayed for in the original mandamus action is not ancillary to any other relief prayed for, as was the case of the injunction prayed for in State ex rel. Bd. of Water Commrs. v. District Court, *supra*. The writ is the only relief prayed for, and therefore primary. Here, as stated, a writ is being asked to compel the commissioner of highways to have the attorney general institute condemnation proceedings, which, of course, will affect lands in Scott county. The writ, if granted, can have no effect whatsoever on lands. Later proceedings would. The institution of the second proceeding would be necessary to reach a stage where lands would be affected. In State ex rel. Bd. of Water Commrs. v. District Court, *supra,* that stage was reached in the one proceeding.

Admittedly, it will be necessary to make a showing why the writ should issue here. Evidence will have to be produced to show why the commissioner should be compelled to act, but compelling him can have no direct effect whatsoever on lands which the owners desire to have condemned by the state. The primary purpose of the original mandamus action is to compel a public official to perform a ministerial duty. The rest is incidental.

If it appears that the convenience of witnesses dictates a different venue, the venue can be changed as in any other action by the expeditious procedure provided by § 542.11.

The majority opinion makes an inherently *in personam* transitory action local merely because it ultimately leads to a local action. It provides a procedural short cut, which if it has any merit lies in the fact that it is a short cut, but which, in my opinion, cannot be justified. I respectfully dissent and would have the writ issue.